IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 6, 2018 Session

## NATHAN E. BROOKS v. BOARD OF PROFESSIONAL RESPONSIBILITY

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 17-0506  Jeffrey F. Stewart, Chancellor**

———————————————————

**No. E2018-00125-SC-R3-BP**

———————————————————

SHARON G. LEE, concurring in part and not joining in part.

Nathan E. Brooks petitioned to have his law license reinstated. Rather than pay an advance cost deposit under Tennessee Supreme Court Rule 9, section 30.4(d)(9), Mr. Brooks filed a pauper's oath and indigency affidavit. A Board of Professional Responsibility hearing panel dismissed the petition without prejudice, giving Mr. Brooks the opportunity to refile the petition with a cost deposit. The trial court agreed with the hearing panel and, now, so does the Tennessee Supreme Court.

The Court properly denies relief to Mr. Brooks because Rule 9, section 30.4(d)(9) requires an advance cost deposit for a reinstatement petition, and Mr. Brooks' due process claim lacks merit.

Mr. Brooks' due process claim was vague and generalized. He failed to specify whether he asserted a substantive or procedural due process claim, or both. Mr. Brooks' brief, consisting of four pages of argument, had a single issue: "Whether The Trial Court Erred When It Affirmed The Order Of The Board Dismissing Appellant's Petition To Reinstate Solely On The Ground That Appellant Was Not Entitled To Proceed As A Pauper?" Mr. Brooks first argued that "*Boddy* [sic] *v. Connecticut* [sic] 401 U.S. 371 (1971) is four corners on point in this cause and is dispositive." Later in his brief, Mr. Brooks stated that the "application of the holding in *Boddy* [sic] to the case at bar is lucid," and "*Boddy* [sic] lucidly holds that where only one forum is available to a litigant, due process requires that he may not be refused access because he is a pauper." The gist of Mr. Brooks' argument was that based on the due process analysis in *Boddie v. Connecticut*, 401 U.S. 371 (1971), attorneys facing quasi-criminal disciplinary proceedings are entitled to "procedural due process and an opportunity to be heard."

*Boddie*, however, involved a litigant's interest in obtaining a divorce—a very different interest than Mr. Brooks' desire to have his law license reinstated. A law license, unlike a divorce, is a privilege, not a right. *Smith v. Bd. of Prof'l Responsibility*,

551 S.W.3d 712, 726 (Tenn. 2018) (citing *Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 641 (Tenn. 2008)). Besides, this is an attorney reinstatement case, not a disciplinary case filed by the Board of Professional Responsibility.

In short, Mr. Brooks failed to adequately make a procedural due process claim; at most, he only hinted at such a claim. That should have ended the discussion. Yet the Court engaged in a protracted and unnecessary discussion of the responsibilities of and funding for the Board of Professional Responsibility.

A party, not the Court, should identify the issues and provide adequate legal authority and argument. Tenn. R. App. P. 13(b). When a party fails to do so, it is not the Court's role to step in and fill in the gaps. Although the Court has the discretion under Rule 13(b) to consider issues not identified by the parties for reasons such as preventing needless litigation, injury to the public interests, or prejudice to the judicial process, none of these considerations are present here. The Court's discretion under Rule 13(b) should be exercised sparingly. Tenn. R. App. P. 13(b) advisory comm'n cmt.

Our judicial system works best when the Court considers the issues raised by the parties after input and briefing on the issues presented. *See State v. Northern*, 262 S.W.3d 741, 767 (Tenn. 2008) (Holder, J., concurring and dissenting) (quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983)) ("'The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.'").

For the reasons stated, I concur in the Court's decision that Mr. Brooks' petition should be dismissed because he failed to pay an advance cost deposit as required by Tennessee Supreme Court Rule 9, section 30.4(d)(9) and that Mr. Brooks' due process claim had no merit. I do not join in the Court's procedural due process analysis.

_____
SHARON G. LEE, JUSTICE

2